## DIXIE FIRE INSURANCE Co. *v.* R. L. BETTY.

[58 South. 705.]

1. LIBEL AND SLANDER. *Right of action.* *Defenses.* *Apology.* *Mitigation of damages.* *Code* 1906, *Sec.* 10.

In a suit for damages against a principal for defamatory words spoken by an agent while engaged in his master's business, an apology made by the principal not by reason of any promise expressed or implied, that it would constitute full reparation for the injury inflicted, cannot be pleaded in bar of the action, but is admissible in evidence and can be considered by the jury in mitigation of damages.

2. PRINCIPAL AND AGENT. *Code of* 1906, *Sec.* 10.

Code 1906, Sec. 10, by which certain words are made actionable has no application in a suit to hold a principal liable for words spoken by an agent unless possibly such words are spoken at the command of the principal.

APPEAL from the circuit court of Clay county.

HON. T. B. CARROLL, Judge.

Suit by R. L. Betty against the Dixie Fire Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin, Armstead & Brien,* for appellant.

The letter of November 30, 1909, tendering an apology both to Mr. McGee and Mr. Betty through Mr. McGee from Mr. Powers who had been informed from Betty's office of the actual condition of affairs, was an absolute defense to this suit and the court declined an instruction on that idea.

In 18 Am. & Eng. Ency. Law., p. 1075 (Libel & Slander), it is said:

"But it will be a good defense to an action if there is an agreement between the parties to accept the publi-

cation of mutual apologies and the apologies are afterwards published.''

But there is no way in this case for the court to undertake to determine to which count in the amended declaration this verdict must be ascribed. As said by the supreme court of Mississippi in the *Abrams Case,* *supra,* 84 Miss., whether the verdict was predicated on the first count of the amended declaration wherein it is alleged that these words were spoken by Powers, the special agent, with a view to insult the plaintiff Betty, and lead him to do violence and breach of the peace, or whether is was ascribed to the second count in the declaration, a common law action for slander.

We insist that the first count in the declaration predicated on Sec. 10 of the Code of 1906 of actionable words, is entirely "personal" and directed against the person speaking the words, and under no circumstances could such a suit be brought against the insurance company under the actionable word statute for language spoken by any alleged agent.

The court will find this contention fully discussed in the following authorities: *Manufacturing Co.* v. *Taylor,* 124 A. S. R. 90 (150 Ala. 574), (43 South. 210); 13 Cooley on Torts, p. 124; Ency. of Pl. & Pr., p. 30.

This actionable word statute, when considered in connection with its history, demonstrates beyond all question that it is entirely "personal" from the fact that it is known and styled as the antidueling statute, and passed June 13, 1822, and known as the "Act to suppress dueling." See *Crawford* v. *Melton,* 12 Smedes & Marshall, 328.

Of course, when considered in the light of an act to suppress dueling, it necessarily means to prevent personal difficulties, and is an act directed against the person speaking the words. This is further shown from the act, wherein it provides that a plea, exception or demurrer shall not be sustained to preclude a jury from

passing thereon who are the sole judges of the damages sustained.

Now, in the annotations under this chapter of the Code of 1906, the court will see that the truth of the words is not a defense; that they were spoken out of the presence of the plaintiff is not a defense; therefore the defenses are not the same as the common law action of slander, and it clearly appears that it is a distinct and separate cause of action, added onto this common law action of slander, which is not permissible, we respectfully submit, and in permitting the case to go to the jury on the merits under these two counts in the amended declaration, it is impossible to determine under the instruction of the court, to which count in the declaration, as said in the *Abrams Case, supra,* must be ascribed the verdict; therefore it is erroneous.

We respectfully submit that the court erred, both on the pleading in this case, which we have just discussed first, and next on the merits of the case in failing to sustain the motion to exclude the testimony or to grant a peremptory instruction at the close of the testimony, for all of which this case should be reversed.

*J. J. McCellan,* for appellee.

No brief of counsel found in the record.

Argued orally by *A. A. Armstead,* for appellant.

Argued orally by *J. J. McCellan,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellee recovered in the court below damages alleged to have been sustained by him because of certain defamatory words alleged to have been spoken of him by a servant of appellant while in the discharge of his master's business. Upon ascertaining that these words had been spoken of him, appellee wrote to appellant requesting an apology, and that an explanation be made

to the person to whom the words had been spoken, which request was complied with by the agent of appellant alleged to have spoken the words. This apology was not made by reason of any promise, express or implied, that it would constitute full reparation for the injury inflicted, and consequently the court below properly held that it could not be pleaded in bar of the action, but was admissible in evidence, and could be considered by the jury in mitigation of damages.

Over the objection of appellant, appellee was permitted to amend his declaration by adding a count predicated on Sec. 10 of the Code of 1906, by which certain words are made actionable. In so doing the court committed fatal error. This section has no application in a suit to hold a principal liable for words spoken by an agent, unless possibly in a case where such words were spoken at the command of the principal, as to which we express no opinion. Its language, together with the fact that its first appearance in our statutes was as Sec. 9 of the "Act to suppress dueling," passed June 13, 1822 (Rev. Code of Laws 1824, Ch. 50), demonstrates that its enactment was for the purpose of preventing personal difficulties, and that, consequently, it applies only to persons liable to become involved in such a difficulty by reason of having referred to another in words of the character therein mentioned.

*Reversed and remanded.*