## ARKY *et al. v.* LEITCH.

[94 South. 855.   No. 22920.]

INKEEPERS.  *Verdict of one thousand dollars for inconvenience and embarrassment and insulting treatment held excessive.*

Where a hotel guest engaged a room with a private bath, but was given one with a connecting bath which also connected with another room, and by reason thereof suffered great inconvenience and embarrassment, and, upon laying her grievance before the proprietor's office man, was treated in an offensive and insulting manner, whereupon she went to another hotel, but suffered no pecuniary damage, a verdict for one thousand dollars was excessive to the extent of five hundred dollars.

APPEAL from circuit court of Lauderdale county.
.HON. J. D. FATHEREE, Judge.

Action by Mrs. Sarah Leitch against Mrs. Emma W. Arky and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded unless *remittitur* entered.

*Bozeman & Cameron,* for appellant.

The principles of law involved in this case are, as we understand it, well settled. Cases in which the relation

of innkeepers and guests have been discussed will be found in the 21st L. R. A. (New Series) at page 860 and 17th American Law Report, page 134. There seems to be no cases on the questions involved decided in Mississippi. The principles, however of the two main propositions in this case, namely: the duty of an inkeeper to his guest, and liability for punitive damages, are too well settled to need the presentation of any authorities to this court.

The only duty of the defendants to the plaintiff in this case was to use reasonable care to see that she was properly treated while a guest of the hotel, defendants being under the duty to see that she was so treated, not only by the defendants, themselves, and their servants, but by their other guests. The rule with reference to innkeepers, as we understand it, is found on page 508 of the 14th Volume of Ruling Case Law, in which it is stated that the duty of an innkeeper is not absolute, but is limited to the exercise of reasonable care. This rule is fully set out in the 14th Ruling Case Law on page 5385. *Bruner* v. *Seelbach,* 19 Ann. Cas., 217.

If the defendants are liable at all to the plaintiff in this case, it must be because of some discourtesy or rudeness of Mr. Arky to the plaintiff. It is our opinion that the court erred in the granting of the instructions submitting this question on the ground of punitive damages, even had it been a case in which the jury should have been instructed as to the allowance of such damages. Instruction No. 2 obtained by the plaintiff, which instruction is found on page 130 of the record, announced as a rule for the infliction of punitive damages, is approximately the same instruction as that condemned by this court in the case of the *Alabama-Vicksburg Railroad Company* v. *Cox,* found in 106 Mississippi on page 35. The plaintiff in the case of the *Alabama & Vicksburg Railroad Company* v. *Cox,* obtaining instructions 4 and 5 announcing a rule as to the giving of punitive damages which instructions are practically the same as instruction 2 given the plaintiff in this case.

We submit in conclusion that the amount allowed by the jury is grossly excessive. If the conduct of Mr. Arky toward the plaintiff had been rude, and if the plaintiff had suffered all the annoyance testified to by her, the verdict of one thousand dollars would still have been, it seems to us, grossly excessive. The trial court in submitting this cause to the jury allowed the jury to consider the question of punitive damages. If there was any ground for punitive damages at all in this case, it must have been by reason of things that passed between Mr. Arky and the plaintiff in conversations had between them. We submit these conversations and the facts as shown by the record for the careful consideration of the court.

The rule is, as we understand it, in Mississippi, that a recovery cannot be had for fright, mental pain or anxiety. Eliminating the question of punitive damages which must of necessity eliminate damages for fright, anxiety and mental pain, and assuming there was negligence on the part of defendants, the plaintiff could not have recovered more than nominal damages.

*II. B. Greaves,* for appellee.

It is not necessary to argue as to the facts in this case, or the merits of the dispute between the parties to this case, as the question of facts involved have been decided in the plaintiff's favor by the jury on the evidence submitted in the court below, so it resolves itself to this: The jury having found the facts in favor of the plaintiff, the only question for the court to determine is whether, under the law, the verdict is correct.

The decisions of our state are rather meager on this point, as it seems, in the past, the hotel keepers in Mississippi, have been too polite, and courteous to give offense of this kind. The nearest approach to this case, I have found is the case of *Gardner* v. *Martin,* 123 Miss. 218, opinion by SYKES, J.

I refer the court to the following decisions: *Curran* v. *Olwon*, 88 Minn. 307, reported in 60 L. R. A. 733. In that case the plaintiff entered a saloon as a guest and purchased some whisky. After he had taken several drinks, he fell asleep in a chair, whereupon another guest in the saloon, poured some alcohol on the plaintiff's foot, and set the same afire, injuring him. The court held that the defendant was bound to use reasonable care to protect the plaintiff, as his guest, from injury at the hands of vicious and wilful persons, who they permitted to be in their saloons. The whole opinion, when read, will throw considerable light on the duty of the defendant in this case. That decision was based on duty of an innkeeper to his guests.

This opinion is quoted and approved in the New York case of *De Wolf* v. *Simmans Ford et al.,* 193 N. Y. 397, reported in the 21 L. R. A. (N. S.) page 860. I invite the court's special attention to the strong opinion of WERNER, J., delivered in that case. The court uses this language in the right hand column, below the middle of page 862: "One of the things which a guest for hire at a public inn has the right to insist upon is respectful and decent treatment at the hands of the innkeeper and his servants. That is an essential part of the contract, whether it is expressed or implied."

Our instructions are largely based on this case, which is in many respects similar. I urge the court to read the entire opinion.

See the Kansas case of *Alice Lenne* v. *E. J. Hinds*. This is a case where two young women went to the hotel of the defendant and after retiring to their room, it was entered by a servant of the hotel, and they were insulted and rudely treated. The court awarded substantial damages for wounded feelings. Reported in 42 L. R. A. (N. S.) page 830.

In the case of *Ada A. Aaron* v. *William J. Ward,* New York case reported in the 38 L. R. A. (N. S.) page 204.

Here. a young woman had a dispute with the owner of a bathing establishment about her dressing room, and was insulted and ejected by the servants of the bath-house proprietor. The court gave her substantial damages for this humiliation.

The latest expression of the courts, outside of our own state, is the case of *Margaret Frewen* v. *Page,* (Mass. case, decided May 31, 1921), reported 131 N. E. 475. This case as reported in the 17 American Law Reports, page 134, appears to be a well-considered case, going into the authorities fully, and quoting a multitude of decisions from all the states. The opinion of BRALEY, J., is very much in point in this case and I especially invite the attention of the court to the exhaustive opinion, and annotations. The opinion in that is a brief in this case and I here adopt it as a part of this.

I submit that any party who has ever traveled and who has lined himself up in front of the clerk's desk in a so called first-class hotel, and has to wait until the indifferent clerk finally condescends to consider him, especially when the price charged for the accommodation is ample, cannot help but feel as the jury felt in this case, that the defendants should be mulched in punitive damages, so that he will not again be guilty of a like offense.

We pay an extra amount of our coin at a supposedly high-class hotel not merely for the privilege of sleeping in a clean (?) bed, with a rug on the floor, and running water, but we also expect decent treatment, and feel that we should not be required to approach the austere clerk at the hotel desk and ask, with baited breath, bowed head, and our hat off under our arm, for accommodations which we have paid dearly for.

The court will note that the judgment in this case is only against Herbert Arky and his brother and not Mrs. Arky, although the case is docketed in her name.

I respectfully submit that this case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. Sarah Leitch, sued appellants, Mrs. Emma W. Arky, Herbert L. Arky, and Julius Arky, who were engaged in the hotel business at Meridian under the name of "Hotel Meridian," for an alleged injury alleged to have been received by her while a guest at said hotel charged to have been caused by the fault of appellants. Appellee charged and her testimony tended to show that she and her friend, Mrs. Ward, engaged a room with a private bath at appellants' hotel to be occupied by them during a meeting of the Eastern Star at Meridian; that appellants failed and refused to give them the use of a room with a private bath, but assigned them to a room with a connecting bath, by reason of which they suffered great inconvenience and embarrassment by having their bathroom entered by some one from the other room connected therewith; that they laid their grievances before appellants' office man, who treated them in an offensive and insulting manner, and thereupon they paid their bill and went to another hotel. Appellee recovered judgment for one thousand dollars, from which appellants prosecute this appeal.

We find no merit in any of the assignments of error except that the verdict was excessive. By instructions for the appellee the jury were authorized in their discretion to award punitive damages. There was no evidence of any pecuniary damage. The only actual damage shown was annoyance and inconvenience. But the testimony tended to establish willfulness or gross inattention to duty on the part of the appellants. Although such testimony was not strong, it was sufficient to go to the jury. However, under all the facts and circumstances the verdict is too large. It evidently was the result of passion or prejudice on the part of the jury. Therefore the case will be reversed and remanded for a new trial on the question of damages alone unless within ten days from the handing

down of this opinion appellee shall enter a *remittitur* reducing such judgment by one-half.

Reversed and remanded unless *remittitur* is entered.

*Reversed and remanded.*