### Evans v. State.

(Division A. Feb. 16, 1931.)

[132 So. 456. No. 28839.]

Jas. B. Boyles, of Batesville, for appellant.

**Eugene B. Ethridge**, Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

Prosecution arose in this case in a justice of the peace court where appellant was convicted of trespass. On appeal to the circuit court, appellant was again convicted and sentenced to pay a fine of twenty-five dollars, from which judgment of conviction he appeals to this court.

The prosecution was instituted by affidavit in a justice of the peace court charging a willful and malicious trespass in the cutting of a certain wire net fence, under

section 1191, Hemingway's 1927 Code, section 1163, Code of 1930. The record shows that the net wire fence was undoubtedly cut at the point charged in the affidavit. The appellant admits it, but claims that he cut his own fence. This particular part of the line fence was placed there by the tacit agreement of the prosecuting witness and the appellant about three years before this prosecution arose. The prosecuting witness and the appellant are abutting landowners, and the evidence tends to show that the fence was regarded as a line fence, but the evidence shows beyond cavil that there was formerly a rail fence somewhere about the line between the parties, which was removed by the appellant in 1912 and the rails appropriated by him, and in lieu thereof he erected a wire fence along the line which is now the subject of controversy. There is no evidence tending to show that this was a party fence as contemplated by chapter 142 of the Code of 1930. In this state of the record it is clear that the court below submitted the case to the jury on the theory that the fence in question was a party fence within the purview of said chapter 142. The brief of the attorney-general assumes that the proof shows this to be a party fence.

The appellant requested, and was refused, a peremptory instruction.

Each party to the controversy had a survey of the line made. The survey of the prosecuting witness ran beyond the old fence on the lands claimed by the appellant about twenty feet from where the fence was standing, and likewise the survey had at the instance of the appellant ran about twenty feet beyond the fence onto the land claimed by the prosecuting witness. The entire prosecution is an effort to establish the boundary line between the parties. The trespass charged, of willfully cutting the fence, is the gravamen of the offense charged here. The only evidence offered by the prosecuting wit-

ness was to the effect that some time in the past he had made some slight repairs on the fence in question, and had notified the appellant not to interfere with the fence. This does not constitute the fence in question a party fence as defined by our statute. Section 5681, Code of 1930, provides how a party on adjoining land may acquire an interest in a fence already built by the other abutting owner. Neither this section nor any other section of the chapter was complied with by the prosecuting witness. The fact that each party may have owned the land by adverse possession thereof up to the fence did not of itself constitute the fence a party fence within the meaning of this statute. The prosecuting witness only claimed the fence as establishing the boundary line.

The prosecution is based upon the language of section 5683, Code of 1930, which reads: "A party fence will be owned jointly by the respective proprietors, either of whom may require the other to contribute to repairing it, but it shall not be taken away, razed, removed, or left down by either party without the consent of the other; and if either party violate this provision, he shall be liable to the action of the other, and be subject to such penalties as a stranger would be; but a party shall not be bound to contribute towards keeping a party fence in repair, after he shall have ceased to use the land which is divided by it."

If it be conceded that the language of this statute puts in operation the criminal statute cited above, and we do not so decide for it is not necessary here, we are compelled to say that a line fence is not a party fence owned by the parties unless and until it is shown that the provisions of this statute are complied with so that each of the parties would own an interest in the fence as well as own the abutting land. As we see it, this conviction stands and rests upon the cutting of the fence wholly

owned by the accused. It is needless to say there was no crime committed. The peremptory instruction should have been granted.

Reversed, and appellant discharged.