MILNER HOTELS, INC., *et al. v.* DOUGHERTY.

(In Banc. October 25, 1943. Suggestion of Error Overruled Nov. 22, 1943.)

[15 So. (2d) 358. No. 35444.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

720

Currie & Currie, of Hattiesburg, for appellee.

McGehee, J., delivered the opinion of the court.

This case was tried in the court below under a declaration in which the appellee, as plaintiff, charged that the

Milner Hotels, Inc., was on the occasion complained of engaged in operating a hotel for hire where people are invited to come and procure lodging as guests thereof; that the defendant, M. Wood, was then the manager of the said hotel and acting for and on behalf of his employer; and that while the plaintiff was a guest at the hotel, conducting himself in a becoming manner, and entitled to the respect and consideration of the manager thereof, he was accosted by the said manager at a time when he had done nothing whatsoever to justify an assault or the use of vile and slanderous words and epithets toward him, and who did "then and there curse and revile the plaintiff in the most profane, indecent, vulgar and threatening manner, using words that were calculated to lead to a breach of the peace and which were of themselves slanderous and infamous, calling the defendant, in the hearing of many others, some of whom the plaintiff knew and many of whom he did not know, names almost unspeakable, to-wit: "God d— son of a bitch,' and threatened him with violence, threatened to eject him from the hotel, called him a 'liar,' and a 'd— liar,' and other like words of similar import and effect;" and that wherefore a cause of action for damages, both actual and punitive, had accrued to him against the said hotel and its manager, both jointly and severally, in the sum of $10,000. The above and foregoing charges constitute all of the material averments of the said declaration. Only the general issue plea was filed by the defendants, and the case proceeded to trial on its merits and with the result that the plaintiff recovered a judgment against both defendants in the sum of $500 as damages and from which they appeal.

It will be observed that the declaration charged the existence of the relation of innkeeper and guest, a breach of duty growing out of the said relationship, consisting of the abusive conduct and threatening attitude of the manager of the hotel therein complained of toward the plaintiff, and alleges the liability of both of the defend-

ants therefor. If the declaration should be held to state only a cause of action under Section 11, Code of 1930, known as the "Actionable Words Statute," which provides that "All words which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable . . .," then no recovery could be had against the corporate defendant. Dixie Fire Ins. Co. v. Betty, 101 Miss. 880, 58 So. 705; Neely v. Payne, 126 Miss. 854, 89 So. 669. But, while the words set forth in the declaration are manifestly both insulting and calculated to lead to a breach of the peace, as commented on therein by the pleader, it seems clear that the cause of action which was primarily alleged therein is the breach of duty owing to the plaintiff under the relationship of innkeeper and guest in that the plaintiff was cursed, abused and threatened with violence and ejection from the hotel by the manager thereof; and that a cause of action is stated against both of the defendants under that theory.

The plaintiff's proof disclosed that the manager of the hotel accosted him, cursed and abused him in the manner aforesaid and ordered him to get out of the hotel, and to take his "God d— wife" with him, and was at the same time shaking his fist at the plaintiff, in a manner indicated by the witness to the jury, at a time when the plaintiff was trying to back away from him. And, when counsel for the plaintiff undertook to prove the effect that such abuse and mistreatment had upon him at that time, evidently having reference to his discomfiture, mental distress and embarrassment on account thereof, an objection was made to such proof, which the court sustained, stating that the court thought the words used were actionable per se. Thereupon, the plaintiff proceeded with the introduction of his proof in other particulars until he had concluded his case when a motion was made by the defendants for a peremptory instruction on the ground: First, that the corporation could not be held liable under the Actionable Words Statute, and to which the court

then readily agreed; and, second, that both defendants were entitled to a directed verdict in their favor on the theory that the suit was one for slander at common law on words which were not actionable per se and no special damages had been alleged or proved. The motion was overruled for the reason that the court was still of the opinion that the words complained of were slanderous per se at common law, and as to which theory he was in error. Pollard v. Lyon, 91 U. S. 225, 23 L. Ed. 308; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810. Thereupon, the defendants asked that the court should direct the plaintiff to elect whether he would proceed under the Actionable Words Statute or under the common law, and to which the plaintiff responded that he did not desire to make any election. The court then stated, in substance, that the court would limit the right of recovery in the case by the instructions to an action of common law slander. Thereafter, the defendants introduced as their only evidence the deposition of the individual defendant, rested their case, and then renewed their motions for a directed verdict.

The record further discloses that although the court had announced that the plaintiff would be limited by the instructions to an action of slander at common law, no instruction was ever submitted to the jury dealing with that issue. Moreover, the instructions submitted by the defendants for the approval of the court which set forth what was necessary to be shown in order to constitute such a common law cause of action were by the court refused, and with the result that the only issue submitted to the jury was whether or not there was a breach of duty growing out of the relationship of innkeeper and guest by virtue of the alleged conduct of the manager as complained of in the declaration and disclosed by the plaintiff's proof, no instruction having been asked for by the plaintiff on an issue of slander on account of damages to his good name and reputation, and all of the instructions

requested by the defendant relating to an issue of slander having been refused as aforesaid.

In their original briefs, the appellants have argued the case for a reversal on the grounds set forth in their motion for a directed verdict in the court below. Whereas, the appellee, in reply, has argued the law governing actions for slander, both under the statute and at common law, and also the law relating to the liability of an innkeeper for a breach of duty owing to a guest. In reply, the appellants make no reference to the authorities cited on the alleged liability on the ground last above mentioned but confine their brief to the questions originally advanced by them.

Section 521, Code of 1930, reads as follows: "The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different."

In support of the liability contended for against both of the defendants on the theory of a breach of duty growing out of the relationship of innkeeper and guest, the appellee has cited the following authorities, which we think amply support such liability under the facts in this case, to-wit: Frewen v. Page, 238 Mass. 499, 131 N. E. 475, 17 A. L. R. 134; 14 R. C. L. 506-7, Sec. 13; De Wolf v. Ford, 193 N. Y. 387, 86 N. E. 527, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969; 28 Am. Jur. 574, 576; and such liability is also sustained by the case of Arky v. Leitch, 131 Miss. 14, 94 So. 855.

If it can be said that the declaration herein joins a cause of action under the Actionable Words Statute, section 11, Code of 1930, supra, as against the individual defendant, with the tort action alleged therein against both of the defendants for breach of duty growing out of the relationship of innkeeper and guest, the point is of no

avail here, since no plea of misjoinder of causes of action has been interposed. The prohibition contained in the statute against sustaining a plea, exception or demurrer in a case stated thereunder, so as to preclude a jury from passing on the facts complained of, has no application to the corporate defendant; and at any rate the question of misjoinder is not before us for decision.

The appellants have emphasized in their brief that they do not desire a remand of the cause, and no ground is assigned for ordering a new trial. They insist that they are entitled to a final judgment here, adjudicating that there should have been a directed verdict in their favor. Being unable to agree with that contention, we should affirm the judgment appealed from, since we are of the opinion that the case was finally submitted to the jury on the proper theory, and that the verdict is sustained by proof of the facts set forth in the declaration.

Affirmed.