HERCULES POWDER CO. *v.* THOMPSON.

(Division B.    April 7, 1947.)

[29 So. (2d) 823.    No. 36410.]

Hannah, **Simrall** & **Foote**, of Hattiesburg, for appellant.

**Edwards & Edwards**, of Mendenhall, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Appellee, who sued by next friend, is a minor and was the plaintiff in the trial court and appellant the defendant. The proof sufficiently shows that the plaintiff was employed by defendant to drive a truck in the woods in hauling pine stumps. Because of the wooded terrain it was necessary to carry an axe which, while not in use, was customaryily carried on the floor of the truck cab. A substantial portion of this cab floor consisted of a tin floor board, and the axe would lie in whole or in part on this board. When the truck came from the manufacturer the floor board was fastened down on its edges all around by suitable screws, but for a considerable time before the injury here in question, these screws had been allowed to be withdrawn so that the floor board was loose and was held to the floor only by its own weight, —a fact which was well known to the defendant's foreman in charge.

The operation was in a hilly section; and the testimony further shows that the condition of the truck was such that often when ascending a hill, the body of the truck

would slip back on the frame to the rear about one foot, which, when loaded or partly so, would so shift the weight as to cause the front end of the truck to tilt upwards from the ground, with the front wheels sometimes as high as three feet from the ground; and that when in this position and when maneuvered to get it back into position so that the front wheels would be again on the ground, the wheels would come back to earth with a considerable jar or jolt and this in turn would bounce the loose floor board and the axe lying in whole or in part thereon. On the occasion in question, the axe was thrown against plaintiff's ankle, causing a severe injury. Defendant, in its motion to exclude, said: "The testimony offered on behalf of plaintiff shows that the truck had stopped and that in starting the same up, the front end of the truck bounced up, or raised up, and that the jar resulting from the front end of the truck striking the ground caused the axe to move."

The declaration sufficiently charged the facts about the loose floor board and the manner of carrying the axe thereon. The declaration charged also that what caused the body of the truck to slip to the rear was that the body was insecurely fastened to the frame by worn and loose bolts and that the body of the truck would thus be allowed to tilt upward, there being no allegation that the front of the truck itself, including the wheels, would or did tilt or raise up from the ground as has been above described. Defendant says that because the proof is that the entire front of the truck, including the wheels tilted up from the ground, plaintiff has not proved the case alleged in the declaration, to wit, that the body of the truck tilted upward.

We think we may, for the purpose of a correct decision, eliminate any charge of negligence with respect to the manner in which the body was fastened to the frame and eliminate any charge of negligence as regards the shifting of the load and the tilting up of the front end of the truck, other than to observe that this had been happening

for some time theretofore to the knowledge of defendant's foreman. This done, we have a condition of things well known to defendant, which set the stage for, and brings into view, as the proximate cause of the injury, the mischievous floor board negligently allowed to remain wholly unfastened, and which, by virtue of natural physical forces, would be bounced upward and forwards when the front wheels would strike the ground and which would impart the same upward and forward movement to the axe lying on the floor board, making it a reasonably foreseeable eventuality that some injury would be done by the axe in its agitation; and that was what happened here according to plaintiff's witnesses,—a version which was accepted by the jury and which must be accepted here as there is no contention that the verdict is against the weight of the evidence.

Complaint is made of the two principal instructions granted at the request of plaintiff. These instructions told the jury that it is the duty of the master to use reasonable care to furnish his servant with a reasonably safe place in which to work and reasonably safe instrumentalities with which to work. There was no issue properly in this case of a reasonably safe place to work. In Sanders Cotton Mill v. Moody, 189 Miss. 284, 296, 195 So. 683, 687, we called particular attention to the fact that "the place of work is the location, the situs, the premises, and if an injury occur there by force of an independent defect in a machine which is being used at the place, the wrong must be laid upon and proved against the machine, and is not to be ascribed to the more general exception of a safe place to work."

It was error to include in the two instructions any charge about a safe place to work; but in the instant case we think it may be confidently concluded that it did no harm for the reason that it is hardly possible and certainly not likely that a sensible jury would be led to consider that the rough terrain and the hilly woods in which

plaintiff was put to work were such because of any fault or neglect on the part of the master.

We must assume that the jury had enough of the capacity of discernment not to be misled by the sterotyped inclusion of the language about a safe place to work in a case, as here, where there was nothing in the factual set-up which might reasonably draw them aside from the real charge and the real proof that what was being tried was an issue as to an unsafe machine rather than an unsafe place, and this particularly in view of the fifth instruction granted at the request of defendant which distinctly pointed up the charge against the machine as the actual and determinative issue in the case, and this, too, although that instruction in some of its terms gave to the defendant more than the latter was entitled to have in it.

Affirmed.