MILNER HOTELS, INC. et al. *v*. BRENT.

In Banc. Dec. 31, 1949

No. 37259 (43 So. (2d) 654)

**Dent & Ward,** for appellants.

Brunini, Brunini & Everett, for appellee.

896

**Montgomery, J.**

Mrs. Eva Brent, the appellee, sued appellants, Milner Hotels, Inc., a Mississippi corporation, H. R. Lemonds, Milner Hotel Management Company, a foreign corporation, and Milner Hotels, Inc., also a foreign corporation, who were engaged in the hotel business at Vicksburg, Mississippi, under the name of the Earle Hotel, for an alleged injury, alleged to have been received by her while a guest at said hotel, and charged to have been caused by the fault of appellants. There was a judgment in the lower court against all of the appellants in the amount of $2,550.00, and from this judgment Milner Hotels, Inc., alone, appeals.

The assignment of error alleges only two grounds of error, which are, (1) the court erred in refusing to instruct the jury that appellee was entitled to nominal damages only and not entitled to punitive damages; and (2) the court erred in allowing appellee to testify with reference to a conversation between her and Mr. Lemonds which took place three weeks after the occurrence out of which the suit arose.

It will be observed that the appellants have not assigned as error that the verdict of the jury was against the weight of the evidence; consequently this court is required to accept the version of the incident given by appellee and her witnesses and accepted by the jury. Hercules Power Co. v. Thompson, 201 Miss. 608, 29 So. (2d) 823.

Mrs. Brent charged, and her testimony tended to show, that on November 1, 1947 she was occupying Room 327 at the Earle Hotel, in Vicksburg, along with her husband

and her seven-year-old daughter, and that they were required to pay rental for said lodgings at least one week in advance and that said rent had been so paid for the period up to and including checking-out time, on November 2, 1947; that nevertheless at approximately 12:00 noon on Saturday, November 1, 1947, appellee tendered the defendant, Lemonds, the manager of said hotel, the sum of money necessary to be paid and an additional one week's rental in advance, but that the said manager refused to accept the sum without stating any reason whatsoever for such refusal but said, in a loud and angry voice, "We do not want you here"; that all of the statements aforesaid were delivered by said Lemonds in a loud and angry manner in the lobby of the said Earle Hotel, and were overheard by all the numerous persons present at such time and place; that subsequently at 2:30 p. m., plaintiff was advised that her small daughter, Betty Gill Brent, had been locked out of and was unable to get into said room; that upon immediate investigation plaintiff discovered that said room had been locked and all door knobs had been removed from the entrances thereto; that plaintiff and her family had received no notice to vacate said lodging, and that she and her daughter were entitled to the unrestricted right of use and enjoyment of said room and appurtenant accommodations and that no just cause existed for this denial and for the discourteous and insulting conduct of said defendant; that on said date at such time the weather was cold, wet, and unfavorable, and plaintiff's husband was out of town, and these facts were known to the defendant; that this conduct on the part of the manager of the hotel caused her to suffer great discomfort, embarrassment and mental distress, and damage to her reputation for honesty and decency; that thereafter, on November 4, 1947, she returned to the hotel to procure the clothing and effects in said room, and permission so to do was refused by said Lemonds unless

and until she paid an additional $11.40 rent, which she refused to do, but the clothing and effects were delivered to her on the next day, November 5th, without the payment of such additional rent.

The appellee further testified that she had a conversation with the defendant, Lemonds, on the 20th day of November 1947, and that in that conversation Lemonds stated that he was sorry the way everything happened and requested appellee not to blame him, because it was an order given to him by his employers when he left Detroit to take over the manager's job at the hotel, and that he had then been ordered to get rid of everybody connected with Mrs. Lavecchia's lawsuit, and that the appellee had been a witness for Mrs. Lavecchia in that lawsuit.

The first assignment of error was to the effect that the appellee was entitled to only nominal damages and was not entitled to recover punitive damages. It is well established law in this state that the elements allowing punitive damages are: (1) a wrongful act, (2) intentionally performed, (3) gross disregard of rights, and (4) wilfullness.

This principle was clearly laid down in Illinois Central R. Co. v. Ramsay, 157 Miss. 83, 127 So. 725, 726, where the court said: "To authorize the infliction of punitive damages, the wrongful act complained of must either be intentional, or result from such gross disregard of the rights of the complaining party as amounts to willfulness on the part of the wrongdoer."

In Hadad v. Lockeby, 176 Miss. 660, 169 So. 691, 693, the court said: "Punitive damages may be recovered, not only for a willful and intentional wrong, but for such gross and reckless negligence as is equivalent to such a wrong, since an act done in spirit of wantonness and recklessness is oftentimes just as harmful as if prompted by malice."

The question raised here by the appellant has been decided by this court adversely to its contention in the case of Arky v. Leitch, 131 Miss. 14, 94 So. 855. There Mrs. Leitch and her friend, Mrs. Ward, engaged a room with a private bath, at Hotel Meridian, to be occupied by them during a meeting of the Eastern Star, at Meridian. The hotel operator failed and refused to give them the use of a room with a private bath but assigned them to a room with a connecting bath, by reason of which they suffered great inconvenience and embarrassment by having their bathroom entered by someone from the other room connected therewith. They laid their grievances before the hotel's office man, who treated them in an offensive and insulting manner, and thereupon they paid their bill and went to another hotel. Thereafter Mrs. Leitch sued the hotel operators for damages. The only actual damage received by them was an annoyance and inconvenience, but the testimony tended to establish willfullness or gross inattention to duty on the part of appellants. The court permitted the case to go to the jury on the question of actual and punitive damages, and the jury returned a verdict allowing both actual and punitive damages, and, on appeal, this court permitted the verdict to stand.

In the case at bar, the wrongful act was the angry words, "We do not want you here"; the arbitrary act of locking the room; the refusal of the clothing; the vengeful spirit designed to "get rid of Mrs. Brent", all in willful and violent disregard of Mrs. Brent's rights. These acts were intentionally performed and are shown by the proof to have been ratified by the supervisor. or joined in by both the manager and the supervisor. Mrs. Brent's rent had been paid through the day on which this language occurred, and this action by the hotel management was in gross disregard of her rights. The conduct of the manager of the hotel is shown by the proof to have been willful and intentional,—in fact, the proof

showed that Lemonds had predetermined to get rid of Mrs. Brent from the hotel. The proof showed that he angrily said, in the presence of a lobby full of people, "I will not accept your rent; we do not want you here". Without explanation, this language implies unfitness or indecency on the part of Mrs. Brent. Lemonds followed with the intentional physical act of barring Mrs. Brent from her room. This case is one where punitive damages may be properly allowed, and there is no error in the action of the lower court in so instructing the jury.

■ It is further assigned as error that the court permitted the appellee to testify with reference to the conversation between her and Mr. Lemonds which took place on November 20th, three weeks after the occurrence out of which the suit arose, and in the conversation Mrs. Brent testified that Lemonds said "he was very sorry the way everything happened; that not to blame him because it was his orders, when he left Detroit to take over the manager's job, to get rid of everybody connected with Mrs. Lavecchia's lawsuit, and I was a witness for her". Lemonds was a co-defendant. The final judgment in the lower court was entered against Lemonds and his co-defendants. This testimony was in the nature of an admission made by one co-defendant about a matter within the common purpose and relating to the joint interest in the matter out of which liability was alleged to have arisen. Lemonds was acting as the manager of the Earle Hotel, which was being operated by Milner Hotels, Inc., and he had been employed by Milner Hotels Management Company which was the operating company for Milner Hotels, Inc., the parent company of these organizations, and all of them were interested in the operation of the said Earle Hotel, and the defendant Lemonds was acting as their representative in the management of the hotel.

■ In Interstate Company v. Garnett, 154 Miss. 325, 122 So. 373, 381, 756, 63 A. L. R. 1402, it was charged

that Lelia Garnett, who was employed as a waitress in the Interstate Company's lunch room and hotel, at Gwin, had been publicly abused and cursed and defamed by Romeo Faretto, the manager of said hotel and lunch room, for which wrong she sued the Interstate Company. Over the objection of the Interstate Company, one E. K. Rose, a witness for the plaintiff, was permitted to testify that after the filing of the suit he had a conversation with the appellant, Faretto, in which Faretto endeavored to hire him to make an affidavit that he did not hear him say anything to the plaintiff and her companion, and the refusal of the court to exclude this testimony was assigned as error. On this question the Supreme Court said;

"We think the court below properly overruled the motion to exclude this testimony for two reasons. In the first place, there was no objection on the part of the appellant Faretto to this testimony, and it was clearly admissible in evidence as against him. . . .

"Since this testimony is in the nature of an admission made by the appellant Faretto, it was clearly admissible as to him, and the court properly overruled the motion of his codefendant the Interstate Company to exclude it, and, since at the conclusion of the evidence the court was not requested to instruct the jury that this testimony should not be considered as against the Interstate Company, it cannot now complain of the admission thereof. However, we think it was admissible as against both defendants, since they were jointly liable in the action, if liable at all, and this testimony was in the nature of an admission made by one codefendant about a matter within the common purpose and relating to the joint interest in the matter out of which liability was alleged to have arisen. This rule is stated in 22 C. J. 352, in the following language: 'Where two or more codefendants, if liable at all, are liable jointly, an admission of one is competent against the other, provided it was made

within the scope of the common purpose and relates to the joint interest in the matter out of which the liability is claimed to arise.' "

It is argued in the brief of appellant that the verdict rendered by the jury is excessive. This was not assigned as error in the assignment of error, but we are requested in the briefs of appellant to nevertheless consider the excessiveness of the damages under Rule 6 of this Court. Without passing upon what may be considered under Rule 6, we are of the opinion that it is unnecessary to pass upon the question because a review of all of the evidence in this case convinces us that the damages awarded by the jury were not under the circumstances excessive.

We find no error in the judgment of the lower court, and it is affirmed.

Affirmed.