HUNTER, et al. *v.* WILLIAMS

No. 40382      February 4, 1957      92 So. 2d 367

*W. A. Geisenberger, Joseph E. Brown,* Natchez, for appellants.

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

Hall, J.

The appellants and the appellee reside in the City of Natchez and their properties adjoin. The appellants acquired their property from Robert Hill who, prior to this acquisition, had built a yard fence along the line of the lot sold to the Hunters and had also built a residence on said lot at his own expense. The residence owned by appellee was built subsequent to the erection of this fence, and there was ample proof to establish as a fact that Robert Hill and the appellants had kept this fence in repair.

Under Sections 989-1,000, Code of 1942, this was not a party fence since Williams and his predecessor in title did not contribute to the erection of this fence. Evans v. State, 159 Miss. 870, 132 So. 455.

In 1949 the appellee approached the appellants and expressed a desire to build a new fence in lieu of the one then existing and they were unwilling to do this. In

1953 the appellee contracted with a carpenter to enter upon the property and tear down the existing fence and build a new one. This work was started without the knowledge or consent of appellants. The appellants are husband and wife and the husband was away from home. When the men started tearing down the fence Ella Hunter protested and called the police who advised her that they could do nothing about it and suggeested that she get a lawyer, which she immediately did. The attorney came to the premises and talked with the men working on the fence and told them not to tear down the fence. He also told the appellee to have the men desist and that if they did not the appellee would be liable for any damages committed. The appellee admitted that the work was being done under his instructions and supervision. The men stopped work for the time being, but in two days they resumed the tearing down of the fence and over the protest of Ella Hunter they entered upon her premises and proceeded with the work. In so doing they came upon the Hunter land and cut down and trampled down the shrubs, flowers and rosebushes which were growing in the Hunter yard near the fence, all of which was over the protest of Ella Hunter. They also broke up and ruined a portion of a concrete gutter which was on the Hunter premises between the flower beds and the fence, and erected a fence of secondhand corrugated sheet metal. There was a dispute in the testimony as to whether the metal fence was placed on the line between the two lots, the evidence for appellants being that the metal fence was placed on the land belonging to the Hunters.

The appellants brought suit in the county court for actual damages and also for punitive damages, and by agreement of both parties the case was tried by the county judge without a jury and during the course of the trial, at the request of both parties, the county judge went and viewed the premises and rendered judgment in

favor of appellants for $170.00 actual damages and $1,000.00 punitive damages.

On appeal to the circuit court, the circuit judge affirmed the judgment for the amount of actual damages awarded, but reversed the judgment for punitive damages and entered a judgment in favor of Williams, from which action the Hunters appeal and Williams cross appeals.

In the case of Milner Hotels, Inc. v. Brent, 207 Miss. 892, 43 So. 2d 654, we held that the elements justifying the allowance of punitive damages are: (1) a wrongful act, (2) intentionally performed, (3) gross disregard of rights, and (4) willfulness. According to the proof in this case all of these elements were present in the act of Williams in destroying the appellant's fence and replacing it with one which according to the proof is extremely unsightly. Ella Hunter protested and did everything she could to stop Williams and his men from proceeding with the destruction of her fence, even to the extent of fortifying her protest by having her attorney talk with Williams about the matter while the work was in progress, but Williams disregarded all of these protests and proceeded with the work without seeking legal advice, and we think that the allowance of punitive damages was proper.

The amount allowed is not excessive in view of the proof as to the financial worth of appellee. According to the evidence he does not owe any money and is the sole owner of real estate situated in the City of Natchez of the assessed value of $33,445.00, and he frankly admitted that he would not take that amount for the property. In addition he owns eight houses in Centreville, Mississippi. In addition, he owns all of the capital stock in National Undertaking Company, which owns personal property assessed at about $10,000.00, and also operates a burial insurance business, the value of which is not shown by the record. We have repeatedly

held that in a suit for punitive damages it is proper to show the financial condition of the defendant.

██ ██ The circuit court was merely a reviewing court and the infliction of punitive damages, if the evidence warranted the same, was for the determination of the trial judge in the county court and was not for determination of the trial judge in the county court and was not for determination by the reviewing court. In Ellis v. Pellegrini, 163 Miss. 385 (391), 141 So. 273, we said:

"The conflicts in this evidence were for the determination of the county judge, and from it he was justified in believing, as he evidently did, that the driver of appellee's truck either saw the appellant's truck at the curb and backed into it without warning, or backed into the truck without exercising any care to ascertain whether it was in the way. Either finding would disclose such gross negligence on the part of the driver as to warrant the belief that he acted in reckless disregard of the consequences, and justify the imposition of punitive damages.

"If the evidence warranted punitive damages, the infliction thereof was for the determination of the trial judge, and not of the reviewing court. The awarding of punitive damages, when allowable, is discretionary with the jury or with the trial judge when trying cases without a jury.

"The circuit court should have affirmed the judgment of the county court, and its judgment of reversal must be reversed here."

In Seale-Lily Ice Cream Co. v. Buck, 195 Miss. 440 (448), 16 So. 2d 213, as in this case, the suit was tried in the county court without a jury and on appeal to the circuit court judgment for the plaintiff was affirmed, and on appeal to this Court we said, "The decision of this issue was for the trial court upon the facts, and unless wholly unreasonable and untenable we must ac-

cept it regardless of what any individual member of this Court would, as a trier of the facts, have decided."

We conclude therefore that the judgment of the circuit court should be reversed and judgment here entered reinstating the judgment of the county court.

■■■ On the cross appeal Williams contends that the county court erred in allowing damages for taking down the wooden fence. According to the proof, a man in the construction business testified that it would take $20.00 to replace the damage to the concrete drain and $204.61 to replace the fence which was destroyed. The county court allowed $150.00 for the damage to the fence as well as $20.00 for the damage to the concrete drain. On the cross appeal Williams contends that the cost of replacing the fence was not the proper measure of damages, but that the measure was the difference in the value of the Hunter property before and after the fence had been taken down, relying on the case of Sears-Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So. 2d 250. That case involved the recovery of damages for the destruction of a residence. In 15 Am. Jur., Damages, Section 117, page 527, it is said: "According to the weight of authority, the measure of damages for the destruction of a fence is its value in its condition at the time of its destruction. Its value is to be ascertained by estimating the present cost of constructing a similar structure and deducting therefrom the depreciation which the old one had suffered by reason of age and use."

We conclude that there is no merit whatsoever in the cross appeal. The judgment of the circuit court is therefore reversed and judgment will be here entered in favor of the appellants for the amount of the original award by the county court in the sum of $1,170.00 together with interest thereon from the date of the original judgment which is December 18, 1954.

Reversed and judgment here.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge,* JJ., concur.