## MRS. JANE FIELD v. WILLIAM JUNKIN.

[56 South. 172.]

CHANCERY COURT. *Decree pro confesso. Vacating.*

> Where the setting aside of a decree *pro confesso* would work no serious injury to plaintiff, but would simply deprive him of the advantage ·which he had secured by reason of defendant's neglect to file his answer, a motion to set aside the decree *pro confesso* should be sustained by the court.

APPEAL from the chancery court of Adams county.

HON. J. S. HICKS, Chancellor.

Suit by William Junkin against Mrs. Jane Field et al. From the overruling of a motion to set aside a decree *pro confesso,* defendant appeals.

The facts are as follows:

The appellant, Mrs. Jane Field, and the appellee, Wm. Junkin, were tenanats in common of a certain tract of land described in pleadings. Mrs. Field sold her interest in the timber on the land to Messrs. Wilcox and Burkley, who afterwards began to deaden and cut the timber. Thereafter, Junkin filed a bill in chancery against Mrs. Field and Wilcox and Burkley as codefendants. The bill of complaint prayed for a writ of injunction restraining Wilcox and Burkley from trespassing upon the lands and depredating upon the timber, and asked for the appointment of a receiver to take possession of the trees already cut, and for the appointment of

a commissioner to ascertain damages, and for the appointment of a commissioner to divide the property into lots, awarding each tenant in common their respective portion of same, and, in case the commissioners find the property incapable of division, for a sale of same and a division of the proceeds. Thereupon the writ of injunction and summons was issued and served upon all the defendants. Neither the injunction writ nor the summons showed that the proceeding sought for a partition of the land itself.   Defendants Wilcox and Burkley employed counsel to defend the suit as to themselves.   On the hearing, the suit was dismissed against Messrs. Wilcox and Burkley, and then, for the first time, appellant, Mrs. Field, was informed that a decree *pro confesso* had been taken against her; the decree providing for the appointment of a commissioner and sale of the land.   She thereupon filed an affidavit, which set out the fact that she had an understanding between Messrs. Wilcox and Burkley that they would defend the suit, and that she had no knowledge that the suit was for a partition or sale of the land, but believed it only affected the timber rights, and accompanied this affidavit by a motion to vacate the decree *pro confesso*.   The court overruled her motion and granted an appeal.

*Reed & Brandon,* for appellant.

Under the facts in the case, in the exercise of a sound discretion, the chancellor should have sustained appellant's motion and vacated the decree *pro confesso* and allowed an answer to be filed. "When neglect is in the mere conduct of a suit, and its consequences do not operate injuriously, and its condonation by the judge can do no harm except to deprive the adverse party of an advantage which he has secured in virtue of such neglect, in that case the party guilty of the neglect should not on that account alone be deprived of the means and opportunity of maintaining or defending his rights.   The ob-

ject of the institution of courts is to administer justice according to law, and lawsuits are allowed for that purpose alone.'' See *Yost* v. *Alderson*, 58 Miss. 47. The chancellor erred in overruling appellant's motion and the cause should be remanded with leave for appellant to file her answer to the bill for partition.

*Ratcliff & Truly,* for appellee.

In our humble judgment there is no question of law or fact presented for review by the appeal prosecuted in this case.

The supreme court will not in the logical investigation of this matter ever reach the point where it is necessary to pass upon the facts of the litigation or discuss and determine the principles of law suggested in appellant's brief.

This is simply a question of how far a chancellor can control the dispatch of business and the administration of justice in his own court, and a question of how far and for how long a litigant can vex the patience of a court and trifle with its process.

If the presiding chancellor has any power to dispose of the business in his court, according to well-settled rule, then this case will be affirmed. If the process of the court cannot be trifled with and held for naught; if it cannot be absolutely ignored until it suits the sweet will and pleasure of a litigant to obey the requirements of the law, then this case must be affirmed.

Such is our conviction and such our faith in the correctness of our position that we shall confine this brief not to a statement of a meritorious claim for consideration but that it was simply a move to gain time upon the part of the appellant, the court declined to vacate the final decree and order that the same should be entered. This was accordingly done.

We submit, therefore, that this final decree must stand as the judgment of the chancery court and cannot be changed or altered.

99 Miss.]                    Opinion of the court.

SMITH, J., delivered the opinion of the court.

While appellant was negligent in not ascertaining that the bill filed against her in the court below prayed for a partition of the land in controversy, as well as for an injunction against cutting the timber thereon, her mistake in supposing that the bill involved only the cutting of timber was a very natural one under the circumstances. The setting aside of the decree *pro confesso* would have worked no serious injury to appellee, but would simply have deprived him of the advantage which he had secured by reason of appellant's neglict to file her answer. Under the circumstances, we think the court below erred in overruling the motion to set aside the decree *pro confesso*. *Yost* v. *Alderson,* 58 Miss. 40.

The decree of the court below is reversed, the decree *pro confesso* set aside, and the cause remanded, with leave to appellant to answer the bill within thirty days after mandate filed in the court below.

*Reversed and remanded.*