VINCENT AHLEMEYER, RESPONDENT, v. JOHN A. MILLER
ET AL., APPELLANTS.

Submitted February 11, 1927—Decided May 16, 1927.

A defendant in ejectment is limited to a plea of not guilty, and to a
plea to the jurisdiction, by leave of the court. Nowhere is there
to be found any authority for the filing of a demurrer, at common
law, in an action of ejectment.

On appeal from the Supreme Court.

For the respondent, *William C. Asper*.

For the appellants, *Autenrieth & Gannon* (*William R.
Gannon,* of counsel).

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment entered
in the Supreme Court in favor of the plaintiff against the
defendants, in an action of ejectment, on a denial of a motion
to strike out the plaintiff's complaint. The motion was
argued by consent before Mr. Justice Minturn.

Because of the unusual procedure adopted in this case it
becomes necessary to refer at some length to the complaint
filed by the plaintiff and the character of the notice given on
behalf of the defendants to strike out the complaint. Turn-
ing to the record we find that the summons was issued accord-
ing to the prescribed form of the statute in that regard. The
complaint, however, not only complies with Supreme Court
rule No. 184, but in addition thereto embodies a statement
of facts as to how and in what manner the title to the prop-
erty became vested in the complainant. Furthermore, at-
tached to the complaint and made a part thereof is a deed
of conveyance, made by Mary Elizabeth Miller and John
Miller, her husband, to George Miller and Beata K. Miller, his
wife, adopting father and mother of John A. Miller, defend-

ant, and also a record of the proceedings had in the Hudson County Orphans Court, entitled, "In the matter of the application of George Miller and Beata Congeante Miller, for leave to adopt John Miller, a minor," and the decree made by the court on the application. All of this was legally unnecessary and was more in the nature of a bill of particulars furnished to the defendants, in anticipation of a demand for the same by them.

The defendants, to meet the situation present, gave notice to strike out the complaint "upon the ground that it discloses no cause for action, to wit: Although the said complaint alleges that George Miller and Beata Miller, his wife, were both dead on November 12th, 1922, George Miller having died on or about August 7th, 1914, and Beata K. Miller having died on or about November 12th, 1922, and further alleges they never had any issue by their marriage. The complaint also alleges that on or about April 10th, 1895, the said George Miller and Beata K. Miller, his wife, adopted John A. Miller, the above-named defendant, according to the statute in such case made and provided. Therefore, said John A. Miller was and is a child of the said George Miller and Beata K. Miller, and accordingly is entitled to the full possession and legal' title in fee of the premises described in the complaint under the terms in the deed set forth in paragraphs one and two of the complaint, and his wife, Maude Miller, is entitled to an inchoate right of dower in and to the said premises."

The action in ejectment is purely a statutory proceeding, governed and controlled by rules 183, 184, 185, &c., of the Supreme Court. Rule 183 provides: "The summons in ejectment shall be according to form 2a in the schedule hereto annexed or to the like effect," &c. The summons in the present case is in compliance with the form prescribed. Rule 184 provides: "The complaint shall describe the premises claimed with such certainty as will distinctly apprise the defendant of their description and situation, so that from such description possession thereof may be delivered; and if the plaintiff claims only an undivided interest therein it shall also state such interest; the complaint may contain several

counts and shall be according to one of the forms of complaints contained in said schedule as the circumstances of the case may require or to the like effect." In the present case the complaint does comply with the form prescribed by the rule. Rule 185 provides: "The answer shall be according to one of the forms of answer contained in said schedule, as the circumstances of the case may require, or to the like effect, and under such answer the defendant may give in evidence any lawful defense to the action not inconsistent with the provisions of the Ejectment act."

According to *Tidd's Practice*, a defendant in ejectment was limited to a plea of not guilty (volume 2, pages 547 to 551), and to a plea to the jurisdiction, by leave of the court. See pages 680 and 681. Nowhere is there to be found any authority for the filing of a demurrer, at common law, in an action of ejectment. The notice to strike out in the present case has no support in law. The learned trial judge treated the motion to strike out as a demurrer; but, of course, as a demurrer is unknown in an action of ejectment, and since there is no statute which provides for the striking out of a complaint in an action of ejectment, a notice for that purpose cannot be treated as a demurrer.

Moreover, in a case where a demurrer may be properly interposed, its legal effect is to admit only such facts to be true as are properly pleaded.

It is not to be understood by what has been said that a notice to strike out a pleading other than in an action of ejectment is always in the nature of a demurrer, for it may be in the nature of a plea in abatement.

In the present case the notice to strike out was not only based upon the assertion that the complaint stated no cause of action, but contained matter which, in substance, was an answer to the complaint filed. The answer is vicious in two respects, namely—*first,* in that it is not in compliance with the statute, and, apparently, was not intended to be so, and, *secondly,* it is argumentative. But, however that may be, it is quite clear from the record that the case was submitted to the trial judge to be decided by him upon its merits, and since the court had jurisdiction of the subject-matter and of

the parties, a procedural irregularity will not be permitted to defeat the judgment.

We are entirely in accord with the views expressed by the learned trial judge, in his opinion, upon the merits of the case.

The judgment therefore is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Tren-chard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.