BURNS v. ALLEN.

(Division B. June 2, 1947.)

[31 So. (2d) 125. No. 36456.]

**E. L. Dent,** of Collins, for appellant.

**R. S. Tullos,** of Raleigh, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Allen brought suit in ejectment against Burns and procured judgment by default.    Error is assigned that the summons, although served personally upon Burns, did not comply with asserted requirements of Code 1942, Section 789, which state that in ejectment cases ''Declarations, writs, and pleas in the form or to the effect of the precedents appended .hereto, shall be good and sufficient for all purposes in proceedings under this chapter.'' Section 791 provides a form of summons which .adds to the ordinary writ at law, the following ''to answer the

complaint of A B, who demands of him the possession of [describe the land as in the declaration]; and in default of his appearing and defending this action, judgment will be entered against him, and he will be turned out of possession of said land; . . ."

Section 786 provides: "On filing the declaration, a summons shall issue against the defendant, which shall be issued, executed, and returned in the manner prescribed for the issuance, execution, and return of a summons in personal actions; and the writ may issue to any county."

Inasmuch as Section 786 refers only to the manner of issuance, execution and return, it does not impair the propriety or purpose of Sections 789 and 791. All of these sections were enacted together in the Code of 1857, Ch. 55, Art. 35.

If it was the purpose of the Legislature to abrogate the requirements of the common law, it must be held to have retained so much thereof as is not specifically dispensed with. The ancient fictions which cumbered the former proceedings were abolished by the Code of 1857. Formerly a copy of the declaration was served upon the opposite party, the fictions of a casual ejector and the consent rule making such procedure appropriate.

It must have been intended by the statutory forms to indicate the extent to which recession from the common law should be conceded. That writs "in the form or to the effect of," Section 789, "shall be good and sufficient" clearly indicates that any further and substantial withdrawal therefrom shall be less than sufficient. In lieu of the complete information contained in a copy of the declaration, there was substituted a description of the nature of the action and the penalty upon default. To ignore this deliberate enactment is to charge the Legislature of 1857, and of each succeeding body by which subsequent codes were adopted, with folly. The entire chapter upon Ejectment, Title 7, Code 1942, is complete in itself and is almost completely the same as that

enacted ninety years ago. It may be that greater freedom from codal shackles could be gained by casting the action in other legal or equitable forms. But when availing of this chapter, it must be taken as it is.

Appellee cites Guess v. Smith, 100 Miss. 457, 56 So. 166, 167, Ann. Cas. 1914A, 300, wherein the following dictum is found, "Resort to the declaration, if a suit at law, or to the bill, if a suit in chancery, is the defendant's only source of information as to the nature of the suit against him, on which he is entitled to rely." This case was a bill for alimony and divorce. The summons was in the form, but the officer had added that the bill to which answer was commanded was "for divorce." The court stated that the defendant had "no right to look to a recital inserted in the summons, without authority of law, by the officer issuing it, as to the nature of the cause."

In the instant case, the nature of the action is not only to be inserted "with authority of law," but under legal requirement. The action and its procedure, even in its abridged form, is sui generis. "Under the ancient practice it was necessary that the nature and contents of the declaration should be explained at the time to the person to whom it was delivered and courts would closely scrutinize the method of service to ascertain if a proper delivery had been made." Warvelle on Ejectment, Section 82, (1905); Jackson v. Stiles, 1 Cow., N. Y., 222. In the older forms even after abolition of fictions, the notice to the defendant which was separate from the declaration, disclosed the nature and purpose of the action. Adams on Ejectment, p. 421 (1840). Section 791 retains this remnant of the older requirement.

In Ahlemeyer v. Miller, 103 N. J. L. 617, 137 A. 543, 544, it was said: "The action in ejectment is purely a statutory proceeding, governed and controlled by rules 183, 184, 185, etc. of the Supreme Court [N. J. S. A. Tit. 2] Rule 183 provides: "The summons in ejectment shall be according to form 2a in the schedule hereto annexed or

to like effect, etc." See also Gaul v. Baker, 108 Conn. 173, 143 A. 51. Even under modern practice, it is often required that a copy of the declaration be served along with the summons. Judgment against the defendant was reversed for failure to comply with statutory requirements in Patterson v. Robertson, 171 Tenn. 520, 106 S. W. (2d) 215.

If we were disposed to support our interpretation of the statute by considerations of general judicial policy, justification for setting aside the default judgment could be found in the reasoning of Field v. Junkin, 99 Miss. 834, 56 So. 172, 173. It was there stated: "While appellant was negligent in not ascertaining that the bill filed against her in the court below prayed for a partition of the land in controversy, as well as for an injunction against cutting the timber thereon, her mistake in supposing that the bill involved only the cutting of timber was a very natural one under the circumstances. The setting aside of the decree pro confesso would have worked no serious injury to appellee, but would simply have deprived him of the advantage which he had secured by reason of appellant's neglect to file her answer. Under the circumstances, we think the court below erred in overruling the motion to set aside the decree pro confesso. Yost v. Alderson, 58 Miss. 40."

It is further worthy of notice that the summons not only omitted to inform defendant of the nature and incidents of the suit but, by utilizing a printed general form applicable to money demands, incorrectly advised the defendant only that "The amount demanded in this suit is the sum stated in the declaration and lawful interest and costs."

Reversed and remanded.