Essex County Circuit Court.

SERAFINA DE STEFANO, PLAINTIFF, v. VICTOR D'ALLESANDRO, DEFENDANT.

Decided March 31, 1948.

For the plaintiff, *Carl & William Abruzzese* and *Ralph G. Mesce.*

For the defendant, *Levy, Fenster & McCloskey.*

Joseph L. Smith, C. C. J. This is a motion to strike the complaint on the ground that it is sham. The suit is an action in ejectment. The plaintiff alleges that her right to possession of the premises in question accrued on the 7th day of February, 1933. The complaint is in the statutory form.

The affidavit of the plaintiff sets forth that she is the mortgagee in a purchase-money mortgage made by the defendant

and that the said mortgage contained a covenant whereby the plaintiff may enter and take possession of the premises upon default in the performance in the conditions contained therein.

The plaintiff alleges a breach in that the purchase-money mortgage has not been paid. The defendant, by affidavit, alleges that in August, 1926, the plaintiff conveyed the premises to the defendant and the defendant executed a purchase-money mortgage, which said mortgage was a second mortgage, subject to a first mortgage held by the Howard Savings Institution.

In 1933 the Howard Savings Institution foreclosed its first mortgage and made the present plaintiff and defendant parties thereto. A final decree in the foreclosure proceeding was filed on April 3d, 1933, and a sale of the property was held. The Howard Savings Institution purchased the property at the foreclosure sale. Subsequently, the property was conveyed to Antoinette D'Allesandro and she conveyed said property to the defendant.

The plaintiff resists the motion to strike the complaint on the ground that an action in ejectment is a statutory proceeding and that the defendant is limited to a plea of not guilty and to a plea to the jurisdiction by leave of the court. *Ahlemeyer* v. *Miller,* 103 *N. J. L.* 617; 137 *Atl. Rep.* 543.

The defendant asserts that the power of the court in all suits to strike a pleading as sham is contained in *R. S.* 2:27–124; *N. J. S. A.* 2:27–124.

The defendant also relies on the case of *Guardian Life Insurance Co.* v. *Rita Realty Co.,* 17 *N. J. Mis. R.* 87; 5 *Atl. Rep.* (2d) 45, wherein the answer in ejectment was stricken.

In *Sunshine Park, Inc.* v. *Gulvin,* 21 *N. J. Mis. R.* 282, 284; 33 *Atl. Rep.* (2d) 704, 705, Mr. Justice Burling (then a Circuit Court Judge and Supreme Court Commissioner) (at *p.* 284), said:

"In the first instance, as a matter of practice, there seems to be a doubt as to the authority for a motion to strike out a pleading in the nature of a demurrer at common law in an ejectment and since there is no statute which provides for the striking out of a pleading in an action in ejectment a

notice for that purpose cannot be treated as a demurrer." *Ahlemeyer* v. *Miller*, 103 *N. J. L.* 617; 137 *Atl. Rep.* 543.

The power to strike out a pleading must be exercised with the greatest care and where falsity is alleged it must appear clearly and palpably so. *Cross* v. *Margolis*, 136 *N. J. L.* 453; 56 *Atl. Rep.* (*2d*) 759.

On the affidavits presented in the instant case, while the affidavit of the plaintiff does not controvert the facts set forth in the defendant's affidavit, yet there is nothing sham in the plaintiff's factual presentation. On the trial of the issue it may be outweighed by controverting evidence, but it meets the requirements at this stage. *Lipari* v. *Hudson County*, 135 *N. J. L.* 359; 52 *Atl. Rep.* (*2d*) 40.

It is the duty of the court to determine whether an issue of fact has been presented and not to try the issue on affidavits. *Barnes* v. *P. & D. Manufacturing Co.*, 117 *N. J. L.* 156; 187 *Atl. Rep.* 186.

The determination of the points of law raised herein depends on the factual question of the existence and terms of the covenant which the plaintiff contends was breached and must await the timely presentment of proof and evidence relative thereto. The courts are not prone to grant a motion to strike out pleadings unless no factual issue has been raised, or there is no legal dispute. *Cross* v. *Margolis, supra.* There may or may not be any factual dispute involved in the instant case, but because of the legal dispute involved this court considers it desirable to have the proofs, evidence, and facts fully developed by trial evidence so that the legal rule may be more intelligently considered and applied. See *Lipari* v. *Hudson County, supra.*

In *Cross* v. *Margolis, supra,* Mr. Justice Burling said at *p.* 760; of 56 *Atl. Rep.* (*2d*): "The legal points that have been raised with respect to the alleged agreement are not presently susceptible of determination until the entire facts are more fully elicited as a result of direct and cross-examination of the witnesses."

This ruling, it seems to this court, is equally applicable in the instant case.

The motion to strike the complaint is denied.

Counsel may present an appropriate order.