EMMONS *v.* FRAZIER.

May 17, 1954

No. 39092 65 Adv. S. 5 72 So. 2d 444

*Grover C. Doggette,* Laurel, for appellant.

*W. W. Dent,* Collins, for appellee.

McGEHEE, C. J.

### ON MOTION TO DISMISS APPEAL

The appellee seeks to have dismissed the appeal in the above styled cause at the cost of the appellant on the alleged ground that the issue involved in the case has become moot for the reason that neither of the parties either own or claim at this time any interest in the land involved, the suit being one in ejectment and it being now alleged by affidavit attached to the motion to dismiss the appeal that the land in question has been sold under execution to a third person.

The judgment appealed from was rendered on February 23, 1953, and it adjudged that the appellee should have and recover from the appellant the land involved in the suit "and that all costs of this proceeding be taxed against the defendant Athor Emmons." On May 20, 1953, the said defendant petitioned for and obtained an appeal to this Court without supersedeas; upon the execution of a cost bond with sureties approved by the clerk of the trial court.

It is alleged in the affidavit attached to the motion to dismiss the appeal at the cost of the appellant that the land in question was sold under execution pursuant to the judgment of this Court rendered in the case of Emmons, et ux. v. Emmons, et al., on May 18, 1953, reported in 217 Miss. 594, 64 So. 2d 753, and that the appellant in the instant case had procured the land involved herein to be sold under the execution as the property of the appellees referred to in that case, and to satisfy the cost on the said former appeal. The movant seems to contend that the appellant had no right to further prosecute this appeal after the land involved was sold under an execution for cost on a judgment rendered

by this Court in his favor, but we are of the opinion that since the record title of the land was then in the appellees and the appellant in the present case had a judgment against them for cost, he was within his rights in causing or permitting the land to be sold under the execution.

 The sale under the execution could not have occurred prior to the taking of the appeal in the instant case on May 20, 1953, since the judgment on the former appeal was not rendered until May 18, 1953. Moreover, the judgment appealed from in the instant case was rendered without valid process on the defendant therein, and it not only ordered that the possession of the land be delivered to the plaintiff, the appellee in the instant case, but it also assessed the defendant therein, who is the appellant here, with all the costs in the case. Therefore, if the present appeal should be dismissed at the cost of the appellant, the result would be that the judgment appealed from would stand in full force and effect as rendered notwithstanding the fact that it assesses the cost against the defendant therein without due process of law. The case is not moot so far as the cost assessed against the defendant in the trial court is concerned, and it is not moot so far as the sureties on his appeal bond to this Court are concerned. Inasmuch as the judgment appealed from was wholly void, it would necessarily follow that the appellant and his sureties would ordinarily be entitled to have the judgment reversed on this appeal. And that being true, they should not be assessed with the cost of the appeal because of anything that may have occurred since the appeal was taken.

The record in this cause was filed in the Supreme Court on July 13, 1953, and the brief of the appellant was filed on December 21, 1953, a copy was furnished the appellee and no reply thereto had been filed when the case was submitted for decision on May 3, 1954, and the motion to dismiss the appeal was not filed until May 10, 1954.

Then, too, the averments of the affidavit attached to the motion to dismiss the appeal have now in the main been denied in an answer thereto by the appellant sworn to on information and belief by his attorney of record.

We have, therefore, concluded that the motion to dismiss the appeal at the cost of the appellant should be overruled both on the ground that the same was not seasonably filed and also for the reasons hereinbefore set forth.

Motion to dismiss appeal overruled.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.

#### ON MERITS

This is an appeal from a judgment in ejectment wherein the appellee, Annette Frazier, suing by her mother and next friend, Delphia Frazier, was adjudged to be entitled to recover from the appellant, Athor Emmons, the immediate possession of twenty acres of land described as the N½ of the SW¼ of the NE¼ of Section 13, Township 9 North, Range 14 West, Second Judicial District of Jones County, Mississippi.

The judgment was rendered by default on February 23, 1953, and a writ of possession was executed pursuant thereto on March 18, 1953, whereby the appellant was dispossessed of the land in controversy. On May 20, 1953, he petitioned for and obtained an appeal without supersedeas upon the execution of a cost bond for the appeal to this Court.

The principal ground assigned for a reversal of the case is that the process had upon the defendant Athor Emmons was insufficient to authorize the judgment by default, for the reason that the summons for the defendant did not describe as required in ejectment suits the premises sought to be recovered, nor otherwise apprise him of the nature and incidence of the suit. The summons merely commanded the defendant to appear "on the third Monday of February 1953 * * * then and there to answer the suit filed by Annette Frazier,

a minor, by her mother Delphia Frazier, Cause No. 6378'', to which he was a defendant. He was not apprised of the fact that a recovery from him of the possession of any land was being sought. The cause must be reversed on this ground under the authority of the case of Burns v. Allen, 202 Miss. 240, 31 So. 2d 125.

It is also assigned as error that the declaration described eighty acres of land in a different quarter section than that mentioned in the judgment appealed from. However, the declaration alleged that the plaintiff was claiming her right to the possession of the land under a certain deed, giving the date and place of the recordation thereof and making the same an exhibit to the declaration, and wherein the entire southwest quarter of the northeast quarter of the section, township and range hereinbefore mentioned was described. The exhibit would control to show that the plaintiff owned forty acres in the northeast quarter, of which the twenty acres described in the judgment would constitute a part. However, the failure of the summons for the defendant on which the default judgment was rendered to comply with Section 791, Code of 1942, to the extent required by the case of Burns v. Allen, supra, was sufficient error to make it necessary that we reverse and remand the cause.

Reversed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.