DAY *v.* HAMILTON.

No. 41255          November 2, 1959          115 So. 2d 300

*Richard B. Booth,* Aberdeen, for appellant.

*Adams, Long* & *Adams,* Tupelo, for appellee.

ETHRIDGE, J.

Appellee, J. R. Hamilton, sued Clarence Day, Jr. in the Circuit Court of Monroe County for damages resulting from an alleged wrongful trespass upon Hamilton's land. The action was not for statutory damages under Miss. Code 1942, Secs. 1074-1087 but for the trespass upon plaintiff's property, and actual and punitive damages resulting from it. The jury rendered a verdict for Hamilton for $1,000, and from the judgment thereon this appeal was taken.

Since the case must be reversed and remanded, because of an erroneous instruction on damages, we will

not outline the facts as reflected by the evidence. The controversy stemmed from a dispute as to the boundary line between the lands of Hamilton on the east, and of Day on the west. The evidence warranted the jury in finding that the boundary line was located where plaintiff contended it was. Day's agents were carrying out for him a timber improvement program. The jury could find that, although Day had previously agreed on the line and his foreman had been warned by Hamilton not to cut over it, nevertheless defendant's crew crossed the line and cut 148 trees four inches in diameter or over and 817 trees described as "small stuff," less than four inches in diameter, most of them being two inches or less. Plaintiff testified that the "small stuff" was worth 50¢ a tree, and the four-inch trees were worth $2 each. Although this testimony was conjectural, defendant did not object to the evidence of value, except to testimony to this effect by one of plaintiff's several witnesses, Joe Williams. That objection was overruled. Plaintiff's evidence also reflected damages to his fence, by "deadened" trees falling over the fence. Without objection by defendant, he testified generally that this damage was "around $400."

Appellee was granted instructions on both actual and punitive damages. Plaintiff's instruction No. 2 stated: "The Court instructs the Jury for the Plaintiff that if you find for the Plaintiff, that in assessing damages against the said Clarence Day, you may compensate him by an award in money for the value in number and kind of trees cut or deadened on the said property. Further that you may bring in such money judgment as would compensate the Plaintiff for the damages to his fences and land. That you may further compensate the Plaintiff for harrassment and inconvenience and necessary labor to rebuild his fences and his trips and expense to see the Defendant to protect against the trespasses; and such monetary value as will compensate the said Plain-

tiff for the said inconveniences and labor caused by the trespasses. All of the said damages must be shown by a preponderance of the evidence before you can assess the same.''

■■ ■ Appellant contends that this instruction submitted the wrong measure of damages, and incorporates punitive damages for ''harassment,'' without specifying the essentials for exemplary damages. After careful consideration of the record and of this instruction, we think it constituted reversible error. The description of the measure of damages in the first sentence is perhaps adequate. The test in Mississippi has been held to be the reasonable value of the trees which were cut at the time of the cutting. Fernwood Lumber Co. v. Rowley, 110 Miss. 821, 71 So. 3 (1916) ; Ingram-Day Lumber Co. v. Robertson, 129 Miss. 365, 383, 92 So. 289 (1922) ; Anno., 161 A. L. R. 549, 552 (1946) ; 25 C. J. S., Damages, Sec. 85c, pp. 613-615; 15 Am. Jur., Damages, Sec. 118; 34 Am. Jur., Logs and Timber, Secs. 131,132. There may be cases where the value of the trees cut is not definitely ascertainable, where they do not have a separable or apportionable value, or where the cutting has been done in such a way as to permanently injure the young growth of timber and affect the general value of a timber lot. In such cases, if the gist of the action is injury to the realty or the trees as they stood upon the land, the appropriate measure of damages could be the difference in value of the property immediately before and immediately after the acts complained of. 161 A. L. R. 561. But in the instant case plaintiff was entitled to submit to the jury as the measure of damages the reasonable value of the trees.

However, the remainder of plaintiff's instruction No. 2 is misleading to the jury and erroneous in several respects. It permits the jury to duplicate or pyramid damages. The jury is told that it may compensate plaintiff for the damage to his fences, and, in addition, it may

compensate him for necessary labor to rebuild the fences. These are duplications.

The instruction states plaintiff may be compensated "for harassment" by defendant, which is clearly an element of punitive damages. Yet it does not separate that factor and qualify it by providing that punitive damages for harassment can be awarded only where the jury finds that defendant trespassed wilfully or recklessly, and with gross disregard of plaintiff's rights.

The instruction authorizes recovery for "inconvenience" to the plaintiff for "his trips and expense" in attempting "to see defendant to protect against the trespasses." While physical inconvenience resulting from damages to the land itself may constitute an element of damages, there can be no recovery for mere vexation or annoyance. This is too uncertain in means of ascertainment. 25 C. J. S., Sec. 70c, p. 559. The evidence does not warrant any finding of such damage to the plaintiff's land as to authorize a finding of compensable physical inconvenience.

Moreover, the second sentence authorizes the jury to compensate plaintiff for damage to his fenses "and land." Yet there is no evidence which would warrant a finding of damage to the plaintiff's land; the damages shown are to the trees and fences. In brief, plaintiff's instruction No. 2 authorizes the jury to pyramid damages, to the fence and in addition for labor to rebuild the fences. 25 C. J. S., Damages, Sec. 181. It confuses the elements of actual and punitive damages, and permits damages for inconvenience and damage to the land, when the evidence does not warrant findings to that effect.

Since the case will have to be retried, two other assignments of error should be disposed of. The evidence as to the financial worth of defendant was offered at a time when there was testimony in the record which, if believed, would warrant a finding of a trespass made

after an agreement as to the line and a warning to defendant's agent, and made either wilfully or with a gross disregard of appellee's rights. Hunter v. Williams, 230 Miss. 72, 92 So. 2d 367 (1957).

■■Appellant asserts that the statutory remedy creating a specific penalty for cutting trees is exclusive, insofar as punitive or exemplary damages are concerned. Miss. Code 1942, Secs. 1074-1087. These statutes do not indicate any legislative intent that the statutory penalty would be the exclusive remedy. In fact, Sec. 1087 indicates the contrary. ■■ Statutes are not to be understood as effecting a change in the common law beyond that which is clearly indicated. 82 C. J. S., Statutes, Sec. 363; Burns v. Allen, 202 Miss. 240, 31 So. 2d 125 (1947); Sanders v. Neely, 197 Miss. 66, 82, 19 So. 2d 424 (1944). ■■ Appellant concedes that there are no decisions supporting his argument of an exclusive remedy under the statutes. Since they do not repeal by their terms the common-law remedy of the right to punitive, as well as actual, damages for a trespass resulting in the cutting of trees, the common-law remedy remains unaffected.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.