WALKER, Justice,
for the Court:
Mr. and Mrs. Benton Holder brought this action for damages against the Texas Pacific Oil Company, Inc., Murphy Oil Corporation, and Robinson Resource Development Company, Inc., in the Circuit Court of the Second Judicial District of Jasper County. The Holders are the owners of a 40-acre tract of land in Jasper County. The three corporate defendants were the lessees under an oil, gas and mineral lease on the entire tract. The Holders alleged that the defendants informed them that they planned to drill an oil well on a 3.5 acre *375 section of the tract. That section was covered by young growing timber, which the Holders alleged would not reach full maturity until 1984. The Holders cleared this area and obtained $487.50 for the standing timber. However, the defendants failed to drill the well as they had planned. The Holders claimed they were damaged by the defendants’ negligence, and the defendants admitted liability in the trial court. The trial court awarded the Holders $3,074.13 in damages, representing $280.00 for the costs of reseeding the area, and $2,794.13 which constituted the alleged value that the timber would have had at maturity in 1984. In their appeal, the defendants contend that the trial court applied the wrong measure of damages. We agree.
Most of our reported decisions involving the proper valuation of timber are cases of trespass, in which one party has wilfully or negligently cut the timber on another’s land. In this case, there was no trespass, but the Holders cut the timber themselves, because of the representations of the defendants that a well would be drilled at that particular location. However, we can see no reason why a different measure of damages should be applied. We have held, “The damage for cutting and removing, or destroying, marketable trees, where the trespass is not willful is generally held to be the value of the timber at the time and place where the trees were cut.” Chevron Oil Co. v. Snellgrove, 253 Miss. 356, 364, 175 So.2d 471, 474 (1965). The same rule appears in Day v. Hamilton, 237 Miss. 472, 476, 115 So.2d 300, 302 (1959). In this case, the trees were marketable, and the defendants’ misrepresentation is not alleged to have been wilful. Therefore, the rule of Sneilgrove and Day should apply. The value of the trees at the time of the cutting was $487.50. The Holders have already received that sum and are not entitled to further recovery from these defendants.
Neither reason nor precedent supports the Holders’ argument that they are entitled to the value of the timber at the time of its maturity in 1984. Since no well was drilled, the land was available for immediate preparation and replanting. The trees then planted would reach full maturity and full value, although at some time later than 1984. The recovery granted by the trial court thus would allow the Holders to have the full value of the mature trees now and again some time after 1984. Such a recovery would be excessive. The Holders have not lost full value of their trees, but only the value represented by several years growth. This value is fully reflected in the market price of the immature trees at the time they were cut. Any further damages would allow a windfall to the Holders.
The case of Sun Oil Co. v. Nunnery, 251 Miss. 631, 170 So.2d 24 (1964), relied upon by the trial court, provides no support to the Holders. That case holds that, where a tract of land is not permanently damaged, damages should not be measured by the market value of the full tract after the injury as opposed to the market value before the injury. Id. at 647, 170 So.2d at 31-32. The case does not state the rule of damages advocated by the Holders. Rather, since the damage could be repaired, the Court held that the plaintiffs could recover only for the costs of restoration. Id. at 648, 170 So.2d at 32. In this case, the temporary damage can be compensated for by preparation and reseeding of the land. The defendants concede that they are liable to the Holders for these costs in the amount of $300.00 even though the trial court only allowed $280.00.
Thg judgment of the trial court must therefore be affirmed as to the liability of the defendants. However, the judgment must be modified so as to reduce the amount of damages from $3,074.13 to $300.00.
AFFIRMED AS MODIFIED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.